David Kusnetz, J.
By this proceeding under article 78 of the Civil Practice Act, the petitioners seek to review action of the Board of Trustees of the Village of Garden City, whereby the petitioners’ properties have been assessed for a portion of the cost of grading, paving and curbing Tanners Pond Road, the village street upon which they are located.
From an examination of the voluminous papers, including a petition, answer, return and reply with the exhibits and affidavits attached thereto, the court discerns no serious dispute as to the facts, nor is there any serious attack upon the power of the board to do what it has done, or (except as hereinafter mentioned) upon the regularity of the steps by which the result has been accomplished. The real question seems to be whether the board’s action has been arbitrary or unreasonable or productive of such an unfair burden to the petitioners that the court ought to interfere.
*974 The court does not doubt that the determination is subject to review. As to that, the language of subdivision 2 of section 280 of the Village Law seems to leave no question. The court understands that the petitioners concede that they make no claim that they have been damaged by a change of grade; although the suggestion that there was such a change of grade may have some bearing upon the arguments upon which petitioners chiefly rely.
This contention, as the court gathered from the argument and the reply now filed, is that the petitioners are being asked to bear a disproportionate share of what, they contend, should have been a general charge on the village. It is probably true that the installation of a large drain in the road, as part of a county drainage project made it practicable and urgent to pave the street and also made necessary, or desirable, a more substantial paving project than would otherwise have been thought of in connection with this street. This consideration, as the court reads the record, was recognized by the village board, and weight given to it in the determination of the amount which owners abutting the street should be asked to bear. There seems no question but that the village board may, pursuant to the provisions of sections 161 and 166 of the Village Law, impose all or part of the expense of sidewalks, gutters, paving or repaving upon the owners of land adjoining a street. That some of the notices of hearings before the board referred to section 280 of the Village Law rather than sections 161 and 166 is of no importance; section 280 sets up the machinery by which the powers of other sections including sections 161 and 166 may be exercised. The exclusion of the county property from the area of assessment did not, as the court understands the record, work any hardship on the petitioners; the village as a whole bore that portion of the cost of the improvement. Under all the circumstances appearing in the record, the finding that the work constituted a local improvement, some of the cost of which should be borne by the abutting landowners, was not arbitrary or unreasonable or one unwarranted by the facts before the board. It cannot reasonably be said to be unfairly burdensome to the petitioners. The action of the board is, accordingly, confirmed and the petition dismissed.
Proceed on notice.